# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL D. MERRYFIELD, and | ) | |
| SHARON A. MERRYFIELD, | ) | Case No. BK-12-15513-SAH |
| | ) | (Chapter 7) |
| Debtors, | ) | |

_____

| | | |
|---|---|---|
| BRUCE A. YOUNG, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-0864-HE |
| | ) | |
| MICHAEL D. MERRYFIELD, and | ) | |
| SHARON A. MERRYFIELD, | ) | |
| | ) | |
| Appellees. | ) | |

## ORDER

Appellant Bruce Young, an unsecured creditor, appeals the decision of the Bankruptcy Court which rejected Young's challenge to the discharge of appellees Michael and Sharon Merryfield (collectively, "the Merryfields"), the bankruptcy debtors. Young raised multiple objections in that court to the discharge of his debts or of the debtors generally, but pursues here only his objection to discharge based on 11 U.S.C. § 727(a)(4)(A). To warrant denying a debtor a discharge under this provision, the challenging "creditor must demonstrate by a preponderance of the evidence that the debtor knowingly and fraudulently made an oath and that the oath relates to a material fact." In re Brown, 108 F.3d 1290, 1294 (10th Cir. 1997). The parties do not dispute that the Merryfields submitted Debtors' Schedules and Statements of Financial Affairs ("SOFAs") that contained false, material information. All that is

disputed is whether the documents were submitted with the requisite fraudulent intent.

Because intent is, by its nature, difficult to determine directly, a factfinder's determination of intent must necessarily be based on all the surrounding facts and circumstances. A bankruptcy court's determination of fraudulent intent, based on its analysis of those facts and circumstances, "will not be set aside unless clearly erroneous." In re Calder, 907 F.2d 953, 955-56 (10th Cir. 1990); *see also* In re Seay, 215 B.R. 780, 788 (B.A.P. 10th Cir. 1997) ("A bankruptcy court's findings concerning intent are factual and subject to review under a clearly erroneous standard."). A bankruptcy court's credibility determinations and factual findings deserve deference, FED. R. BANKR. P. 8013, and will be accepted absent proof that they "either (1) [are] completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bear[] no rational relationship to the supportive evidentiary data." In re Ford, 492 F.3d 1148, 1154 (10th Cir. 2007) (applying the clearly erroneous standard). Applying this standard, the court concludes the Bankruptcy Court's decision should be affirmed.

The Bankruptcy Court concluded that the Merryfields lacked fraudulent intent and that the errors and omissions, which have since been cured, were the result of inadvertence and/or mistake. Though Young identifies facts which would arguably support a different conclusion, the Bankruptcy Court's determination is not clearly erroneous in light of the circumstances of this case. There was evidence that Mr. Merryfield, who had run the couple's business for many years, had become seriously ill and that this substantially affected his involvement with the business. There was also evidence that Mrs. Merryfield had not

2

been substantially involved in the couple's businesses in recent years, but had to assume responsibility for gathering the information needed for the bankruptcy filings. Further, there was evidence that the accountant the debtors had used for many years died shortly before they filed for bankruptcy, forcing them to use a new accountant who had less familiarity with the couple's businesses. Based on these and other circumstances reflected by the record, there was a basis in the evidence for a conclusion that the false statements in the filings were due to something other than fraudulent intent. That is the conclusion that the Bankruptcy Court drew, supported by a thorough and detailed explanation set out in its order.

For the most part, Young's challenge is to the credibility and factual determinations underlying the Bankruptcy Court's conclusion. However, the Bankruptcy Court observed the witnesses firsthand and was thus in a unique position to make the credibility and other determinations central to a finding of intent.

Young also argues that the Bankruptcy Court failed to adequately consider two factors: that the Merryfields had the help of counsel in submitting these documents and that the sheer number of omissions and errors suggests fraudulent intent. Courts have considered these factors, sometimes finding them important or determinative in concluding that fraudulent intent existed. *See e.g.,* In re Calder, 907 F.2d at 956 (noting the debtor was a bankruptcy attorney and finding it "significant that there was not one but four separate omissions"); In re King, 272 B.R. 281, 303 (Bankr. N.D. Okla. 2002) (considering that a sophisticated debtor had the assistance of a bankruptcy attorney and made "no less than five" omissions or errors). But while those cases certainly support the proposition that such

3

circumstances may support an inference of fraudulent intent, they do not compel such a conclusion. As noted above, determinations of intent are necessarily driven by all the facts and circumstances of the particular case. There were a number of relatively unique circumstances present here which were evaluated by the Bankruptcy Court and relied on in reaching its decision as to intent.

Under the applicable standard of review, this court cannot say that the Bankruptcy Court erred in finding an absence of fraudulent intent. The decision of the Bankruptcy Court is therefore **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 25th day of November, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE